## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal Action No. 2:18-00143-KD-B |
| ) | Civil Action No. 2:20-00144-KD |
| ANTHONY JEROME ELLIS, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter is before the Court on Defendant Anthony Jerome Ellis' *pro se*[1] Motion to Vacate pursuant to 28 U.S.C. § 2255 (Doc. 87); Defendant's supplements to his motion (Doc. 96)[2]; a letter in support from Cornelius Ellis (Doc. 102); the Government's Response (Doc. 91); and Defendant's Reply/Letter in Support (Doc. 93).

**I.    Background**

In 2019, a jury found Defendant Anthony Jerome Ellis (Ellis) guilty of Count One as charged in the indictment, namely possession of a firearm by a prohibited person (felon) in violation of 18 U.S.C. § 922(g)(1). (Doc. 55-1). He was sentenced to 100 months as to Count One with credit for time served. (Doc. 72 at 2).

---

[1] Ellis is a federal prisoner proceeding *pro se*. "[C]ourts should construe a habeas petition filed pro se more liberally...." See, e.g., Gunn v. Newsome, 881 F.2d 949, 961 (11th Cir. 1989).

[2] This is one docket entry but it contains two letters from Ellis. The letters were docketed the same day but the envelopes indicate the letters were sent on two different days.

1

On February 24, 2020,³ Ellis moved to vacate, set aside or correct his sentence. Ellis argues his sentence should be vacated in light of Rehaif v. United States, 139 S.Ct. 2191 (2019) and that there was insufficient evidence to convict him.

The United States responds that the Court should deny Ellis' motion. First, per the United States, Ellis' Rehaif argument is procedurally barred since he chose not to raise that argument on direct appeal. (Doc. 91 at 1). The United States also responds that even if not procedurally defaulted, Ellis' Rehaif claim is meritless. (Id.). Second, the United States contends the Eleventh Circuit has already rejected Ellis' claim that the evidence of guilt was insufficient, so the Court should not allow Ellis to relitigate this claim here. (Id.).

## II.  Legal Standard

Pursuant to Title 28, United States Code, Section 2255, a person in federal custody may move to vacate, set aside, or correct his sentence. Section 2255 permits such collateral challenges in four circumstances: (1) the imposed sentence violated the Constitution or the laws of the United States; (2) the court exceeded its jurisdiction to impose the sentence; (3) the imposed sentence exceeded the maximum authorized by law; or (4) the imposed sentence is otherwise subject to collateral attack. See 28 U.S.C. § 2255. See also McKay v. United States, 657 F.3d 1190, 1194, n.8 (11th Cir. 2011). "Only jurisdictional claims, constitutional claims, and claims of error that are so fundamentally defective as to cause a complete miscarriage of justice will warrant relief through collateral attack." Eddie Lee Battles v. United States, 2020 WL 5407682, *3 (M.D. Fla. Sept. 9, 2020) (citing United States v. Addonizio, 442 U.S. 178, 184-86 (1979)). If a court determines it

---

³ Although Ellis' pro se Section 2255 motion was filed in the District Court for the Southern District of Alabama February 27, 2020, under the "mailbox rule" it is deemed filed on the date that he delivered it to the prison authorities for mailing—presumably February 24, 2020. See e.g., (Doc. 87 at 4). Jones v. U.S., 304 F.3d 1035, 1038 n. 7 (11th Cir. 2002).

imposed a sentence in violation of Section 2255, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). The movant, not the government, bears the burden to establish that vacatur of the conviction or sentence is required. Beeman v. United States, 871 F.3d 1215, 1221-22 (11th Cir. 2017).

A motion under § 2255 is not a substitute for direct appeal, and issues which could have been raised on direct appeal are generally not actionable in a § 2255 motion and will be considered procedurally barred. Massaro v. United States, 538 U.S. 500, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003). When a defendant has procedurally defaulted on his claim, he is barred from collaterally attacking his conviction in federal court unless he can demonstrate either "cause" and actual "prejudice," or that he is "actually innocent." Bousley, 523 U.S. at 622, 118 S.Ct. 1604.

Cause sufficient to excuse a procedural default "ordinarily requires a showing of some external impediment preventing counsel from constructing or raising the claim." Murray v. Carrier, 477 U.S. 478, 492, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). Mere inadvertence or neglect does not constitute good cause. Cf. Prisco v. Frank, 929 F.2d 603, 604 (11th Cir. 1991). To show actual prejudice, the movant must demonstrate not "merely that the errors [before the trial court] created a *possibility* of prejudice, but that they worked to her *actual* and substantial disadvantage, infecting [the entire trial court proceeding] with error of constitutional dimensions." Frady, 456 U.S. at 170, 102 S.Ct. 1584.

In the context of overcoming a procedural default, "actual innocence" means factual innocence, and "[t]o establish actual innocence, the petitioner must demonstrate that, 'in light of all the evidence,' 'it is more likely than not that no reasonable juror [would have] convicted him.'"

3

Bousley, 523 U.S. at 623, 118 S.Ct. 1604 (quoting Schlup v. Delo, 513 U.S. 298, 327–28, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995)).

And, a defendant is procedurally barred from raising arguments in a motion to vacate which he has already raised and that have been rejected on direct appeal. Stoufflet v. U.S., 757 F.3d 1236, 1239 (11th Cir. 2014). And see Felix v. United States, 2020 WL 773476, at *1 (11th Cir. 2020) (citing same). "[A] claim that was rejected on appeal does not merit rehearing on a §2255 motion when based on a different, but previously available, legal theory." Posa v. United States, 2017 WL 8800980, at *2 (11th Cir. 2017) (citing United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000)). But, a defendant can overcome this procedural bar to relitigation if his new claim is based on an intervening change in substantive law. Davis v. United States, 417 U.S. 333, 342 (1974) ("[E]ven though the legal issue raised in a § 2255 motion was determined against the applicant on the merits on [direct appeal], the applicant may nevertheless be entitled to [collateral review on the legal issue] *upon showing an intervening change in the law.*" (emphasis added) (alteration and quotation marks omitted)).

### III. Discussion

#### A. Rehaif Claim

First, Ellis asserts he is "actually innocent of knowingly violating 922(g) because [he] lack[s] the knowledge to have been in violation of every element that makes up the offense.." (Doc. 87 at 3). Ellis continues that to violate Section 922(g) "requires knowledge of every element that makes up the offense" as the Supreme Court held in Rehaif v. United States, 139 S.Ct. 2191 (2019). (Id.). The United States responds that Ellis' Rehaif-based claim is procedurally defaulted and even if not procedurally barred, it is meritless. (Doc. 91 at 8).

4

On June 21, 2019, in Rehaif v. United States, 139 S.Ct. 2191 (2019), the Supreme Court held a defendant must know *both* that he possessed a firearm *and* that he has been convicted of a crime punishable by imprisonment for more than one year in order to violate Section 922(g)(1). Rehaif, 139 S.Ct. at 2194. But, Rehaif "was not made retroactive to cases on collateral review by the Supreme Court." In re Palacios, 931 F.3d 1314, 1315 (11th Cir. 2019) (citing Tyler v. Cain, 533 U.S. 656. 661-66 (2001)). Accordingly, Ellis' motion as to his Rehaif claim is denied.

### B. Insufficient Evidence of Guilt

Next, Ellis takes issue with the sufficiency of the evidence. Specifically, Ellis asserts the federal inmate who testified against him lied at trial in order to "get his time cut;" officers lied and/or changed their statements; some officers could not see what happened; the trial was "set up" to find him guilty; he was handcuffed so he could not have been in possession of the gun; and the Government assumed Ellis' witness was lying because "they said they love me." (Doc. 87 at 1; 96 at 2).

The Government responds "Ellis already argued on direct appeal that the evidence against him was insufficient to support that [he possessed the gun], so that claim should be denied under the bar to relitigation." (Doc. 91 at 11).[4]

On direct appeal, Ellis argued "the government presented insufficient evidence that he knowingly possessed a firearm." United States v. Ellis, 795 Fed.Appx. 801, 801 (11th Cir. 2020). The Eleventh Circuit held "[s]ufficient evidence supports Ellis's conviction for knowingly possessing a firearm as a convicted felon." Id. at 802. The Eleventh Circuit summarized the evidence as follows:

> The government presented testimony from another detainee at the jail where Ellis was being detained that Ellis admitted possessing a .38 caliber revolver and

---

[4] At trial, Ellis stipulated that the United States could prove his felony status. (Doc. 81 at 30). He did not contest the firearm in question had an interstate nexus. (Doc. 81 at 30, 148).

5

>admitted his cousin possessed a .40 caliber pistol when they were arrested. The jury was entitled to weigh and credit that testimony. The government also presented the testimony of two police officers who saw Ellis and his cousin stoop suddenly beside a car where the officers immediately afterward recovered two firearms: a .38 caliber revolver where Ellis stooped and a .40 caliber pistol where his cousin stooped. The officers also seized a clip for a .40 caliber pistol from Ellis's cousin when they patted him down. The jury was entitled to infer from that circumstantial evidence that Ellis possessed the .38 caliber revolver. And Ellis does not argue that he lacked knowledge of his status as a felon. The district court did not err in denying Ellis's motion for judgment of acquittal.

Id. Because the Eleventh Circuit squarely addressed and decided this same claim on direct appeal, Ellis cannot "re-litigate[ this claim] in a collateral attack under section 2255." Stoufflet, 757 F.3d at 1239. Ellis does not allege an intervening "change in substantive law" necessary to overcome this relitigation bar. Davis, 417 U.S. at 342. Accordingly, the Court finds Ellis' motion as to the sufficiency of the evidence is due to be denied.

**IV.    Certificate of Appealability**

Rule 11(a) of the Federal Rules Governing Section 2255 Proceedings requires this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from… the final order in a proceeding under section 2255." 28 U.S.C. § 2253(c)(1)(B). And see United States v. Taylor, 2019 WL 1319277, *1 (N.D. Fla. March 22, 2019) ("A defendant may appeal the denial of a § motion only if the district court or court of appeals issues a certificate of appealability."). Pursuant to 28 U.S.C. 2253(c)(2) "[a] certificate of appealability may issue…only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. 2253(c)(2).

Where, a habeas petition is being denied in part on procedural grounds without reaching the merits of the an underlying constitutional claim, the movant must show that reasonable jurists would debate (1) whether the motion states a valid claim of the denial of a constitutional right, and

(2) whether the district court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000). Where a habeas petition is being denied on the merits of an underlying constitutional claim, a certificate of appealability should be issued only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under Barefoot [v. Estelle, 463 U.S. 880, 893 (1983)], includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further[ ]") (internal quotation marks omitted). Accord Miller–El v. Cockrell, 537 U.S. 322, 336 (2003).

Ellis' petition does not warrant the issuance of a certificate of appealability because his claims are either not cognizable on collateral review or they are barred as previously litigated and decided on direct appeal. McKay v. United States, 657 F.3d 1190, 1196 (11th Cir. 2011). Under the facts of this case, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant Petition or that Ellis should be allowed to proceed further. Slack, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further[ ]"). Accordingly, the undersigned concludes that no reasonable jurist could find it debatable whether Ellis' petition should be dismissed and as a result, he is not entitled to a certificate of appealability.

**V.**     *In Forma Pauperis*

"An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). A district court's finding:

> that an appeal would not be in good faith because no certificate of appealability had been issued . . . is not enough to explain why the appeal on the merits would not be in good faith, because the standard governing the issuance of a certificate of appealability is not the same as the standard for determining whether an appeal is in good faith. It is more demanding . . . [T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit.

Walker v. O'Brien, 216 F.3d 626, 631-32 (7th Cir. 2000). And see Ghee v. Retailers Nat'l Bank, 271 Fed.Appx. 858, 859-60 (11th Cir. 2008) (citing Coppedge v. United States, 369 U.S. 438, 445 (1962) (finding that a "party demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standard," and noting that a non-frivolous claim is one "capable of being convincingly argued," so that "where a claim is arguable, but ultimately will be unsuccessful, it should be allowed to proceed") (internal quotations omitted)); DeSantis v. United Techs, Corp., 15 F.Supp.2d 1285, 1288-89 (M.D. Fla. 1998) (stating that good faith 'must be judged by an objective, not a subjective, standard' and that an appellant 'demonstrates good faith when he seeks appellate review of any issue that is not frivolous'), aff'd, 193 F.3d 522 (11th Cir. 1999)).

"An appeal is not taken in good faith if it is plainly frivolous." Johnson v. Thomas, 2005 WL 3005545, *1 (S.D. Ala. November 8, 2005); Busch v. County of Volusia, 189 F.R.D. 687, 692 (M.D. Fla. Dec. 16, 1999) ("The Petitioner demonstrates good faith when she seeks appellate review of any issue that is not frivolous."). An appeal filed *in forma pauperis* is frivolous if "it appears that the Plaintiff has little to no chance of success," meaning the "factual allegations are clearly baseless or that the legal theories are indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). But see, e.g., United States v. McCray, Nos. 4:07cr20-RH, 2012 WL 1155471, *2 (N.D. Fla. Apr. 5, 2012) ("Because the defendant has not obtained—and is not entitled to—a certificate of appealability, any appeal by the defendant will not be taken in good faith. I

8

certify under Federal Rule of Appellate Procedure 24(a) that any appeal will not be taken in good faith and that the defendant is not otherwise entitled to proceed *in forma pauperis* on appeal[]").

In consideration of the issues addressed herein, the Court finds and certifies that any appeal by Ellis in this action would be without merit and therefore not taken in good faith. Accordingly, Ellis is not entitled to appeal *in forma pauperis*.

**VI.    Conclusion**

For the reasons stated herein, Defendant's Motion to Vacate pursuant to 28 U.S.C. § 2255 (Doc. 87) is **DENIED**; Ellis is not entitled to the issuance of a certificate of appealability, and is not entitled to proceed *in forma pauperis*.

**DONE** and **ORDERED** this the **6th** day of **January 2021.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**